IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| John Hancock Life Insurance Company (U.S.A.), | ) Civil Action No. 8:20-cv-02216-HMH<br>)<br>) |
| Plaintiff, | ) |
| | ) **ORDER GRANTING CONSENT** |
| vs. | ) **MOTION FOR DISBURSEMENT AND**<br>) **DISCHARGE** |
| Brenda Quarles Cox, and Kandi Tallent Balmer, | )<br>)<br>) |
| Defendants. | )<br>) |

Before the Court is the motion of the Plaintiff, John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), with the consent of the Defendants, Brenda Quarles Cox, and Kandi Tallent Balmer, seeking an Order providing for the disbursement of certain policy proceeds, the discharge of John Hancock from further liability, an injunction against Cox and Balmer, and the dismissal of this action with prejudice.

The record reflects the following facts pertinent to the Order requested by John Hancock:

1. On February 24, 2014, John Hancock issued a Flexible Premium Variable Universal Life Insurance Policy insuring the life of John V. Cox (the "Insured") with a face value of Seventy Five Thousand Seven Hundred Thirty-Two Dollars ($75,732.00) and assigned Policy No. xxxxx646 (the "Policy).

2. The Application for the Policy designated the Insured's spouse, Brenda Q. Cox, as the sole primary beneficiary and did not designate any secondary beneficiaries.

3. By Change of Beneficiary form dated November 15, 2019, the Insured re-designated Brenda Q. Cox as the sole primary beneficiary of the Policy and designated his daughter, Lisa Rebecca Cox, and his son, Michael John Cox, as 50% secondary beneficiaries. The Insured's purported signature on the Change of Beneficiary form was electronic.

4. By Change of Beneficiary form dated December 9, 2019, the Insured changed the primary beneficiary of the Policy to Kandi Tallent Balmer. The Insured re-designated his daughter, Lisa R. Cox, and his son, Michael J. Cox, as 50% secondary beneficiaries. The Insured's purported signature on the Change of Beneficiary form was electronic.

5. The Insured died on December 22, 2019, in Greer, South Carolina.

6. Thereafter, John Hancock received competing claims and associated correspondence from the Defendants related to the proceeds payable under the terms of the Policy.

7. Because of the multiple competing claims for payment of the Policy proceeds and because John Hancock was unable to determine the proper party to receive payment of such proceeds, John Hancock commenced this action, seeking interpleader relief under Rule 22 of the Federal Rules of Civil Procedure, including as defendants all individuals who may seek to claim payment of the Policy proceeds.

8. THE COURT HEREBY FINDS that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between John Hancock and the Defendants and because the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Additionally, the Court finds that it has personal jurisdiction over the Defendants because they are residents and citizens of the state of South Carolina.

9. THE COURT FURTHER FINDS that multiple parties claim an interest in the same Policy proceeds and that this action for interpleader is appropriate. The Court further finds that all parties with a potential interest in the Policy proceeds have been named and properly served with a copy of the Complaint for Interpleader.

10. FURTHER, the Defendants consent to the entry of an Order discharging John Hancock of further liability under the Policy and dismissing this action with prejudice.

11. NOW, THEREFORE, in furtherance of the requested interpleader and in compliance with Rule 22, FRCP, the Court hereby GRANTS John Hancock's motion and ORDERS the following:

(a) Within fourteen (14) days of the entry of this Order, Kandi Tallent Balmer shall instruct her counsel to provide to John Hancock the tax identification number for his firm, Reginald L. Foster, PA, and provide all other information and documentation necessary for John Hancock to effectuate the disbursement of the Policy proceeds to Reginald L. Foster, PA;

(b) Within thirty (30) days after receiving the information required to make the disbursement, John Hancock shall make payment of the Policy proceeds to Reginald L. Foster, PA, plus interest at the rate for funds kept on deposit with John Hancock;

(c) John Hancock shall be permitted to withhold from the amount of the Policy proceeds the amount of Five Thousand Four Hundred and 00/100s Dollars ($5,400.00) for its attorneys' fees and costs incurred in commencing and litigating this action for interpleader;

(d) Reginald L. Foster, PA, shall hold the Policy proceeds in trust until such time that the Defendants reach an agreement as to how the proceeds are to be distributed or until there is an order issued from a court of competent jurisdiction regarding distribution of the proceeds and an appeal, if any, is concluded or the time for making such appeal has expired;

(e) Upon John Hancock's disbursement of the Policy proceeds to Reginald L. Foster, PA, as set forth herein, John Hancock is discharged from all liability of any type or kind under Policy No. xxxxx646 to any of the Defendants, their heirs, assigns, or any other person or entity claiming entitlement to benefits under said Policy;

(f) Each of the Defendants are enjoined and restrained from instituting any action against John Hancock for recovery of the Policy proceeds; and

(g)     This action is hereby dismissed with prejudice.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

September 2, 2020
Greenville, South Carolina

4